*1108 OPINION.
Van Fossan:
Petitioner in 1923 charged off the notes of the Republic of China in their entirety, but on the witness stand its president admitted that they were not worthless at that time. Other evidence in the record is to the same effect. The evidence shows that the order of the State Banking Department was to reduce the notes to market value. For whatever reason, petitioner did not attempt to ascertain market value and reduce the carrying value accordingly, but wrote off the full cost and unpaid interest and now claims the same as a loss sustained in the taxable year. The evidence reveals no fact justifying its action in charging off the entire amount. Accordingly, petitioner’s claim must be denied. First National Bank of St. Paul, 10 B. T. A. 32.
The issue as to 1924 relates to alleged bad debts arising from loans to one Fitzsimmons, which loans, evidenced by notes of Fitzsim-mons, were secured by a bond given by one Shearer. Petitioner contends that it was advised by counsel that the bond was not enforceable because given at the suggestion of petitioner and that it, therefore, made no attempt to collect from either Fitzsimmons or Shearer. In his brief counsel for petitioner states that the bond was given as an accommodation, was without consideration and was illegal and void, and could not be realized upon under the Michigan law.” He cites no statute or decision in support of his proposition. Moreover, his statement is contrary to the facts in evidence. Petitioner’s president testified: “ Mr. Fitzsimmons went to Mr. Shearer at my suggestion and he was to give Mr. Shearer $500 for signing his note. That was the consideration that he had.” It is, therefore, unnecessary to discuss the correctness of the legal conclusion on which petitioner claims to have relied, and for which he cites no authority.
There is no evidence that Shearer was not entirely collectible in 1924, when the debt was charged off. If a debtor has given security for a loan, either in form of collateral or a bond, it is incumbent on him to exhaust the liability on same before he is entitled to claim the debt to be worthless. This petitioner did not do.
The evidence does not prove the debt due from Fitzsimmons to have been uncollectible in the taxable year.

Judgment will be entered for the respondent.